FILED BY _____YR_____ D.C.
Sep 21, 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

AUSA Name & Telno:   Samuel Adelsberg / Amanda L. Houle  - 212-637-2194

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| United States of America<br>v.<br>ALEJANDRO JAVIER MARIN<br><br>_Defendant_ | )<br>)<br>)<br>)<br>)<br>)    **20 MAG 9491**<br>     Case No.<br><br>   **20-MJ-3659-GOODMAN** |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

_(name of person to be arrested)_   ALEJANDRO JAVIER MARIN ,
who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment   ❏ Superseding Indictment   ❏ Information   ❏ Superseding Information   ☑ Complaint
❏ Probation Violation Petition   ❏ Supervised Release Violation Petition   ❏ Violation Notice   ❏ Order of the Court

This offense is briefly described as follows:

Three counts of violations of 18 U.S.C. 1001 (false statements to federal law enforcement)

Date:   09/04/2020

_(signature)_
JAMES L. COTT
United States Magistrate Judge
_Issuing officer's signature_

City and state:   New York, New York       HON. JAMES L. COTT, USMJ, SDNY
_Printed name and title_

**Return**

| This warrant was received on _(date)_ _____, and the person was arrested on _(date)_ _____ |
|---|
| at _(city and state)_ _____ . |
| Date: _____ |
| _Arresting officer's signature_ |
| _Printed name and title_ |

Approved: _____
          Samuel Adelsberg / Amanda Houle
          Assistant United States Attorneys

Before:   HONORABLE JAMES L. COTT
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - x
                                  :    **20 MAG 9491**
                                  :
UNITED STATES OF AMERICA           :    **COMPLAINT**
                                  :
          - v. -                  :    Violations of
                                  :    18 U.S.C. § 1001
ALEJANDRO JAVIER MARIN,           :
                                  :
                    Defendant.     :    COUNTY OF OFFENSE:
                                  :    NEW YORK
- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

    TIMOTHY MCCANN, being duly sworn, deposes and says that he is a Special Agent with Homeland Security Investigations ("HSI") and charges as follows:

COUNT ONE
(Making a False Statement to a Federal Agent)

    1.  On or about August 18, 2020, in the Southern District of New York and elsewhere, ALEJANDRO JAVIER MARIN, the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully falsified, concealed, and covered up material facts by trick, scheme, and device, and made materially false, fictitious, and fraudulent statements and representations, to wit, when questioned by an HSI agent about whether MARIN had ever received a sum of approximately $140,000 that was owed to the U.S. Government, MARIN claimed that he had not received any of the money, when in fact he had.

    (Title 18, United States Code, Section 1001(a).)

COUNT TWO
(Making a False Statement to a Federal Agent)

2. On or about August 27, 2020, in the Southern District of New York, ALEJANDRO JAVIER MARIN, the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully falsified, concealed, and covered up material facts by trick, scheme, and device, and made materially false, fictitious, and fraudulent statements and representations, to wit, MARIN told HSI agents that the individual referred to herein as "Individual-1" never asked MARIN for permission to take money from a package containing criminally derived proceeds (the "Crime Proceeds") when in fact MARIN had agreed that Individual-1 could take funds from the package.

(Title 18, United States Code, Section 1001(a).)

COUNT THREE
(Making a False Statement to a Federal Agent)

3. On or about August 27, 2020, in the Southern District of New York, ALEJANDRO JAVIER MARIN, the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully falsified, concealed, and covered up material facts by trick, scheme, and device, and made materially false, fictitious, and fraudulent statements and representations, to wit, MARIN told HSI agents that he had never prepared a package of money for Individual-1 when in fact MARIN had.

(Title 18, United States Code, Section 1001(a).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

4. I am a Special Agent with HSI. This affidavit is based upon my conversations with law enforcement officers, my discussions with ALEJANDRO JAVIER MARIN, the defendant, described herein, my review of electronic messages from MARIN's phone, as well as my review of banking records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of the investigation. Where the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

*The Defendant's Undisclosed Diversion of Criminal Proceeds to a Foreign Associate*

5. Based on my participation in this investigation, my review of law enforcement reports, my conversations with law enforcement officers, my review of electronic messages sent and received by ALEJANDRO JAVIER MARIN, the defendant, and my review of bank records provided to HSI by MARIN, I know the following, in substance and in part:

   a. In or about January 2018, MARIN signed an agreement to act as a confidential source for HSI. As part of his work as a confidential source, MARIN assisted in an investigation relating to illicit transactions and other illegal activities by co-conspirators located in the United States as well as abroad.

   b. In or about June 2018, targets of the investigation (the "Targets") agreed to transport criminally derived proceeds, *i.e.*, the above-referenced Crime Proceeds, into the United States on a private plane. HSI agents directed MARIN to retrieve the Crime Proceeds from the Targets and fly the plane carrying the Crime Proceeds into the United States. HSI agents advised MARIN that the Crime Proceeds would then be seized by HSI and forfeited to the United States.

   c. On or about July 3, 2018, MARIN sent a photograph to an HSI agent of the Crime Proceeds. The photograph displayed six packages, each labeled with a name and amount of money in Euros (the "Packages"). The total value of Euros listed on the Packages was 1,297,500 Euros. One package in particular listed "MARIN" and the amount "999,400 EURO" ("Package-1").

   d. Also on or about July 3, 2018, MARIN exchanged electronic messages with a foreign associate ("Individual-1") indicating that MARIN had the Packages delivered to Individual-1.[1] Individual-1 then wrote to MARIN that a "football partner" associated with Individual-1 needed "100 in cash" that would be paid back to a company owned by MARIN (the "Company") in approximately one month. MARIN responded, "you call the shots" and directed Individual-1 to "[g]ive me today's exchange rate and close it with the first ones that you have there." Based on my

---

[1] HSI forensically imaged MARIN's phones with his consent in or about October 2018 and April 2019. The messages exchanged between MARIN and Individual-1 described herein were written in Spanish. English language translations provided herein are based on draft translations that are subject to change.

3

participation in this investigation and my review of MARIN's messages with Individual-1, I believe Individual-1 was asking MARIN whether he could take money from the Packages for an individual associated with a foreign soccer team and MARIN agreed.

  e. On or about July 25, 2018, MARIN wrote to Individual-1 that a "package" was "getting done" for Individual-1 in the amount of "514,000" Euros.

  f. On or about July 26, 2018, MARIN transported the Packages into the United States via a private plane. Upon receiving the Packages, HSI agents observed that Package-1 had been opened and appeared to contain less than the "999,400 EURO" listed on the front of the package. While HSI did not record the amount of money in Package-1 in particular, based on my review of law enforcement reports and my discussions with HSI agents, I know that the Packages in total contained 829,200 Euros, not the 1,297,500 Euros listed on the Packages, and that Package-1 was the only package that appeared to have been opened.

  g. On or about July 27, 2018, in response to questioning by an HSI agent regarding Package-1, MARIN stated, in substance and in part, that Package-1 had been opened by Individual-1, who MARIN said he had entrusted with safekeeping the Crime Proceeds outside the United States. MARIN further stated, in substance and in part, that he believed he could convince Individual-1 to repay approximately $140,000 toward the money missing from Package-1. HSI agents instructed MARIN to assist in recovering that approximately $140,000, which the HSI agents made clear would then be seized by HSI. HSI agents instructed MARIN to have Individual-1 wire the $140,000 to a U.S. bank account controlled by HSI (the "Account").

  h. On or about August 6 and August 7, 2018, MARIN told an HSI agent that Individual-1 had attempted to wire the $140,000 in two installments to the Account but the wires were rejected, which is consistent with electronic messages recovered by law enforcement from MARIN's phone.

  i. On or about January 28, 2019, the Company (which was owned by MARIN) received a wire transfer in the amount of $39,955.

  j. Also on or about January 28, 2019, MARIN sent an electronic message to Individual-1 stating, "My buddy, the 40k came in today."

4

        k.    On or about June 5, 2019, the Company received a wire transfer from an organization connected to Individual-1 that is affiliated with a foreign soccer team (the "Organization") in the amount of $90,000.

        l.    As detailed below, MARIN did not timely disclose that he recovered approximately $130,000 toward the money missing from Package-1, MARIN kept the money, and MARIN made false statements to HSI regarding his receipt of the money and his corresponding dealings with Individual-1.

### *The Defendant's False Statements During August 2020 Telephone Calls with HSI*

    6.   In or about August 2020, I participated in a series of telephone calls with ALEJANDRO JAVIER MARIN, the defendant, and representatives from the U.S. Attorney's Office.  Based on my participation in those calls, and my review of my contemporaneous notes, I know the following, in substance and in part:

        a.    During an August 6, 2020 telephone call, a representative from the U.S. Attorney's Office advised MARIN that it is a crime to lie to HSI agents.  MARIN responded that he understood.

        b.    During an August 18, 2020 telephone call, MARIN stated, in substance and in part, that Individual-1 never asked MARIN for permission to take money from the Packages.  MARIN further stated, in substance and in part, that Individual-1 agreed to wire approximately $140,000 as partial repayment for the money taken from Package-1; that the wire transfer was supposed to be paid on Individual-1's behalf by a company associated with a foreign soccer team; and that MARIN never received the wire transfer.

        c.    During an August 21, 2020 telephone call, MARIN reiterated, in substance and in part, that Individual-1 agreed to wire MARIN approximately $140,000 as partial repayment for the money taken from Package-1, but that Individual-1 never provided MARIN that money.  MARIN further stated, in substance and in part, that he never received any benefit from Individual-1 in connection with the money that was taken from Package-1.

### *The Defendant's False Statements to HSI During an August 27, 2020 Interview*

    7.   On or about August 27, 2020, I participated in an interview of ALEJANDRO JAVIER MARIN, the defendant, at an HSI

office in Manhattan, New York. Based on my participation in that interview, and my review of a recording of the interview, I know the following, in substance and in part:

 a. At the start of the interview, I reminded MARIN that it is a crime to lie to HSI agents.

 b. During the interview, MARIN continued to indicate, as he did during the August 2020 calls described above, that he had not recovered from Individual-1 any of the money missing from Package-1.

 c. MARIN further stated the following, in substance and in part:

  i. MARIN never provided Individual-1 cash, and never created a package of cash for Individual-1; and

  ii. Individual-1 never asked MARIN for permission to open Package-1 or take money from it.

### *The Defendant's August 28, 2020 Admission*

 8. On or about August 28, 2020, I received a telephone call from ALEJANDRO JAVIER MARIN, the defendant. Based on my participation in that call, and my review of a recording of that call, I know that MARIN stated, in substance and in part, that, after further consideration and consultation with his accountant, he now recalled that he had in fact received approximately $130,000 from Individual-1 as payment for the money that was missing from Package-1. MARIN further stated, in substance and in part, that he had received approximately $130,000 from Individual-1 via two wire transfers to the Company in January and June 2019, and that at least a portion of the money was received from the Organization on behalf of Individual-1.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of ALEJANDRO JAVIER MARIN, the defendant, and that he be imprisoned or bailed, as the case may be.

/s/ Timothy McCann
TIMOTHY MCCANN
Special Agent
Homeland Security Investigations

Sworn to me through the
transmission of this Complaint
by reliable electronic means, pursuant to
Federal Rule of Criminal Procedure 4.1,
this 4th day of September, 2020

_____
JAMES L. COTT
United States Magistrate Judge